No. 12482

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

---

THE STATE OF MONTANA,

                  Plaintiff and Respondent,

-vs-

JOHN C. PETERS,

                  Defendant and Appellant.

---

Appeal from:  District Court of the Eighth Judicial District,
            Honorable R. J. Nelson, Judge presiding.

Counsel of Record:

    For Appellant:

        J. Vaughan Barron argued, Great Falls, Montana

    For Respondent:

        Hon. Robert L. Woodahl, Attorney General, Helena,
        Montana
        Thomas J. Beers, Assistant Attorney General, appeared,
        Helena, Montana
        J. Fred Bourdeau, County Attorney, Great Falls, Montana
        Thomas H. Clary, Deputy County Attorney, argued, Great
        Falls, Montana

---

                        Submitted:  June 12, 1974

                    Decided: SEP 16 1974

Filed:  SEP 16 1974

*Thomas J. Kearney*
                          Clerk

Hon. Robert Keller, District Judge, sitting in place of Mr. Chief Justice James T. Harrison, delivered the Opinion of the Court.

Appellant was convicted of two counts of burglarly, from which he appeals, in the district court of the eighth judicial district of the State of Montana, in and for the County of Cascade, the Honorable R. J. Nelson presiding.

Police officers of the Great Falls City Police Department suspected the appellant of having been engaged in certain burglaries in the city of Great Falls. They learned his true name on August 3, 1972, and further learned that he was then a parolee, had absconded from the supervision of his parole officer in Billings, and had been in violation of his parole since January 1972. A warrant for appellant's arrest was issued by the district supervisor of the State Board of Pardons, and armed with this warrant, several detectives from the Great Falls City Police Department went to the Northern Hotel in the city of Great Falls, knocked on appellant's door, identified themselves as policemen, entered the room and placed appellant under arrest. Upon entering the room, one of the officers testified that he saw in plain view a Ward's Airline TV, a Lear Jet tape player, and a Panasonic TV. All of these items matched the description of items reported stolen in burglaries of which appellant was suspected.

A systematic search was made of the premises at that time without a search warrant and several other items were recovered that the officers believed to be stolen in other burglaries. Counsel for appellant moved to suppress all of the evidence obtained at appellant's room at the Northern Hotel and a suppression hearing was held before the Honorable Truman Bradford. The motion to suppress was denied and at the trial of appellant some of the items were admitted into evidence. It was stipulated at oral argument in this Court that only the items that were in plain view,

mentioned above, were in controversy and other items of search, whether admitted or not, were not relevant to this appeal.

Both parties stipulate that appellant was arrested pursuant to a valid arrest warrant and the issue presented by appellant is whether or not law enforcement officers may search and examine the contents of the premises where a person was arrested without first obtaining a valid search warrant.

Respondent goes further, not only in urging that this Court find in the affirmative to the contention raised by appellant, but to find that a parolee's rights are something less than that of an ordinary citizen and that under those circumstances, a systematic search may be made of the entire premises of the parolee without a valid search warrant.

Neither issue is presented to this Court on this appeal. The only question here is whether or not items of stolen property, which are in plain view at the time of a valid arrest, are admissible in evidence. That they are has been well established. Coolidge v. New Hampshire, 403 U.S./91 S.Ct. 2022, 29 L Ed 2d 564.
443,

The transcript of the suppression hearing is before the Court and there is substantial evidence to support the trial court's findings that the motion to suppress should be denied as to these three items. One of the arresting officers, a sergeant detective of the Great Falls City Police Department in charge of burglaries, was familiar with the inventory of burglarized items, identified the three items of stolen property in plain view at appellant's hotel room, and testified that he identified and believed these three items to be stolen at the time he saw them. The trial judge was in a better position to assess the credibility of the witnesses, and there being substantial evidence to support his ruling, his findings shall not be disturbed.

The judgment of the district court is affirmed.

- 3 -

*Robert S. Keller*
_____

Hon. Robert Keller, District Judge,
sitting in place of Mr. Chief Justice
James T. Harrison.

We concur;

*Gene B. Daly*
_____

*Wesley Castles*
_____

*Frank I. Haswell*
_____

*John Conway Harrison*
_____
Justices